MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Ruiz, | No. CV 06-2306-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Sheriff Joe M. Arpaio, et al., | |
| Defendants. | |

Plaintiff David Ruiz, confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Maricopa County Health Services to answer Count Two of the Complaint and will dismiss Defendants Arpaio and the Maricopa County Fourth Avenue Jail without prejudice. The Court will not dismiss the four "John Doe" Defendants, but will not order service on them at this time.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. The Court will assess an initial partial filing fee of $6.27. 28 U.S.C.§ 1915(b)(1)(A). The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a

**TERMPSREF**

separate order requiring the appropriate government agency to collect the fees according to the statutory formula.

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**III. Complaint**

In his two-count Complaint, Plaintiff sues Maricopa County Sheriff Joe M. Arpaio, four "John Doe" Maricopa County Sheriff's Office Transportation Officers, the Maricopa County Fourth Avenue Jail, and Maricopa County Health Services.

In Count One, Plaintiff alleges that his Fifth and Fourteenth Amendment rights were violated when the Doe Defendants engaged in an excessive use of force against him while he was at the Central Court Building. In Count Two, Plaintiff contends his Fifth and Fourteenth Amendment rights were violated when he was denied medical care following the incident that is the basis for Count One. Plaintiff seeks monetary damages, court costs and filing fees, and any other relief the Court deems appropriate.

**IV. Failure to Link Defendant with Injuries**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377

TERMPSREF

- 2 -

(1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978). Because there is no *respondeat superior* liability under § 1983, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

Plaintiff does not allege that Defendant Arpaio personally participated in a deprivation of his constitutional rights, nor does Plaintiff allege that Defendant Arpaio was aware of a deprivation and failed to act. Because Plaintiff has failed to demonstrate a link between Defendant Arpaio's conduct and Plaintiff's alleged injuries, the Court will dismiss without prejudice the Complaint against Defendant Arpaio.

**V. Improper Defendant**

The Maricopa County Fourth Avenue Jail is not a proper Defendant to this action. Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law. A "person" under § 1983 includes municipalities, other local government units, and other "bodies politic and corporate." Monell v. New York City Department of Social Services, 436 U.S. 658, 688-90 (1978). The Maricopa County Fourth Avenue Jail is a building, not a person or legally created entity capable of being sued. Accordingly, the Maricopa County Fourth Avenue Jail will be dismissed.

**VI. Claims For Which An Answer Will be Required**

Liberally construed, Plaintiff has stated a claim against the four Doe Defendants in Count One and a claim against Defendant Maricopa County Health Services in Count Two. Therefore, the Court will require Defendant Maricopa County Health Services to answer Count Two of the Complaint.

1  Although Plaintiff has alleged his claim in Count One with enough specificity to require an answer from the four Doe Defendants, the Court will not direct that service be made on these Defendants at this time. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint on an anonymous defendant. But neither will the Court dismiss the claim against the Doe Defendants at this time. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of alleged defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).

If Plaintiff later discovers the identity of the Doe Defendants, Plaintiff should amend his complaint to name them. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

**VII. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by

a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  The Court may strike any filing that fails to comply with these requirements.

### D.  Possible Dismissal

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* filed with the Complaint is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $6.27.

(3)  Defendants Arpaio and Maricopa County Fourth Avenue Jail are **dismissed** without prejudice.

(4)  Defendant Maricopa County Health Services must answer Count Two of the Complaint.

(5)  The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Maricopa County Health Services.

(6)  Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)  A Defendant may be dismissed from this action, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, if Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later.  See Fed. R. Civ. P. 4(m) and LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendant Maricopa County Health Services of the commencement of this action and request waiver of service of the summons pursuant to Rule 4 of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) Personally serve copies of the Summons, Complaint, and this Order upon Defendant Maricopa County Health Services pursuant to Rule 4 of the Federal Rules of Civil Procedure; and

(b) Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **If Defendant agrees to waive service of the Summons and Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant Maricopa County Health Services must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)  Any answer or responsive pleading must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)  This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 17th day of October, 2006.

*David G. Campbell*
United States District Judge